**UNITED STATES BANKRUPTCY COURT**
**<u>FOR THE MIDDLE DISTRICT OF PENNSYLVANIA</u>**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 13** |
| | : | |
| **Shmuel M. Goldenberg,** | : | **Case No. 5:24-bk-00632-MJC** |
| | : | |
| **Debtor.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | |
|---|---|
| **Jack N. Zaharopoulos,** | : |
| **Standing Chapter 13 Trustee,** | : |
| | : |
| **Movant,** | : |
| | : |
| **v.** | : |
| | : |
| **Shmuel M. Goldenberg,** | : |
| | : |
| **Respondent.** | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**<u>ORDER GRANTING TRUSTEE'S MOTION TO DISMISS</u>**

**AND NOW WHEREAS**, upon consideration of the Trustee's Amended Motion to Dismiss, Doc. 240 ("Motion"), and the Debtor's Response to Trustee's Motion, Doc. 244 ("Answer"), and Pearl Goldenberg's Joinder to the Motion, Doc. 251 ("Joinder"), and Pearl Goldenberg's Response to Debtor's Objection, Doc. 250 ("Response"), and a hearing having been held on September 3, 2026[1]:

1. Debtor filed the instant bankruptcy case on March 15, 2024. Doc. 1.

2. At the time of the filing of the instant bankruptcy case, Debtor had a pending divorce proceeding against Pearl Goldenberg, before the New York Supreme Court in Rockland County ("State Court"), Index No. 032839/2022 ("Divorce Action"). *See* Proof of Claim 8-2, p. 5.

[1] This Order constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052, which is made applicable to this proceeding under Fed. R. Bankr. P. 9014.

3. Debtor and Ms. Goldenberg have two (2) minor children.

4. The original Chapter 13 Plan was filed on April 11, 2024. Doc. 19.

5. A First Amended Chapter 13 Plan was filed on August 8, 2024. Doc. 73.

6. A Second Amended Chapter 13 Plan was filed on September 17, 2024. Doc. 92.

7. A Third Amended Chapter 13 Plan was filed on January 10, 2025. Doc. 137.

8. A Fourth Amended Chapter 13 Plan was filed on March 18, 2025. Doc. 150.

9. On December 4, 2025, the State Court entered a Corrected Judgment of Divorce ("Divorce Judgment"). *See* Proof of Claim 8-2. The Divorce Judgment awarded Ms. Goldenberg spousal support in the amount of $3,321.63 per month, effective October 1, 2025 and to continue for a period of seventy-five (75) months and child support in the amount of $4,327.96 effective October 1, 2025 and to be made on the first date of each month thereafter. *Id*. at p. 14.

10. The Divorce Judgment also awarded spousal support payments in the amount of $122,900.31, retroactive to July 11, 2022 through August 31, 2025. *Id*. The State Court, in addition to the retroactive spousal support, awarded $160,134.52 for child support payments retroactive to July 11, 2022 through August 31, 2025. *Id*.

11. On January 21, 2026, the Debtor and Ms. Goldenberg entered into Stipulation following the entry of the Divorce Judgment in State Court that permitted Ms. Goldenberg to amend her Proof of Claim and for the Debtor to file a Fifth Amended Plan addressing the State Court's Divorce Judgment. Doc. 198.

12. On February 11, 2026, Ms. Goldenberg filed an Amended Proof of Claim. *See* Proof of Claim 8-2.

13. The Fifth Amended Chapter 13 Plan ("Plan") was filed on March 5, 2026. Doc. 205.

14. Despite this case pending for two and a half years, the Debtor has been unable to confirm a Chapter 13 Plan.[2]

15. The delay in confirmation of the previously filed Chapter 13 Plans has been largely attributable to the Divorce Action. The Debtor, the Chapter 13 Trustee, and Pearl Goldenberg agreed that the case could not be confirmed until such time as the State Court issued an Order regarding Ms. Goldenberg's claims for spousal support, child support, and equitable distribution.[3] Doc. 198.

16. As indicated above, on December 4, 2025, the State Court entered its Divorce Judgment finalizing those outstanding issues and requiring Debtor to make monthly payments to Ms. Goldenberg for spousal and child support. *Id*.

17. On August 3, 2026, the Chapter 13 Trustee filed an Amended Motion to Dismiss seeking dismissal of the case under 11 U.S.C. §1307(c) for unreasonable delay that is prejudicial to creditors and pursuant to 11 U.S.C. §1325(a)(8) because Debtor is unable to pay all required domestic support obligations.[4] Doc. 240.

18. On August 28, 2026, Debtor filed a Response to the Trustee's Motion to Dismiss. Doc. 248. Debtor asserts that the Divorce Judgment was entered following a hearing for which he was not provided proper notice and due to the lack of notice he was unable to participate in that

---

[2] The confirmation hearing in this matter, over the course of six (6) filed plans, has been continued an astonishing eleven (11) times, excluding the additional five (5) times the confirmation hearing was called or cancelled following the filing of an amended Chapter 13 plan.

[3] The State Court had previously entered an interim child support and spousal support order in June 2023. Audio of September 3 Hearing at 1:32 P.M. Debtor was to pay $2,416.28 for child support and $1,905.69 in spousal support. *Id*. Despite this Order, Debtor has only paid $6,000.00 over six (6) months. *Id*. The last payment was made in October 2023. *Id*. Another Domestic Support Order was entered in October of 2025 ordering child support in the amount of $3,321.00 per month and child support in the amount of $4,327.96 per month. *Id*. at 1:33 P.M. The Debtor did not make any payments pursuant to this Order. *Id*.

[4] Unless otherwise noted, all further statutory references are to the Bankruptcy Code, 11 U.S.C. §101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

hearing. Doc. 244.[5]

19. Debtor further raises arguments regarding the validity of the State Court Order due to allegations against a New York Supreme Court judge, whom had previously presided over the matter, and used inaccurate income information to calculate both the child support and spousal support payments. *Id*.

20. Debtor filed a Motion to Vacate the Divorce Judgment on August 21, 2026, over nine (9) months after the Divorce Judgment was entered by the State Court. Audio of September 3 Hearing at 1:17 P.M. Further, it appears that the Debtor filed this Motion ***only after*** this Court raised the fact at the July 21, 2026 hearing that the December 4, 2025 Divorce Judgment had ***not*** been appealed or challenged by the Debtor in State Court. Audio of July 21, 2026 Hearing at 12:24 – 12:27 P.M.

21. During the September 3, 2026 hearing on the Motion to Dismiss ("September 3 Hearing") counsel could not provide a reasonable basis for Debtor's delay in filing the Motion to Vacate the Divorce Judgment. Audio of September 3 Hearing at 1:17-1:19.

22. During the September 3 Hearing, Ms. Goldenberg testified that she had received only $6,000.00 in ongoing child support or spousal support payments from the Debtor during the two and a half years this case has been pending. Audio of September 3 Hearing at 1:32 P.M. Ms. Goldenberg testified that she has relied upon occasional jobs and supplemental income from her community and family in order to house and care for her and Debtor's two (2) children. *Id*. at 1:36

[5] Debtor's argument that he was not on notice of the pending State Court hearing is disingenuous, at best. Debtor filed several requests to continue the confirmation hearings in this case while he and Ms. Goldenberg awaited a decision from the State Court. See Docs. 193, 184, 179. On September 16, 2025, Debtor requested a continuance of the confirmation hearing stating "[a]lthough New York State Court conducted a hearing in August, it has not yet rendered an adjudication which is necessary for this court to review claim of wife." Doc. 179. Debtor's claim that he was unaware of a hearing date in the State Court is incongruous with the record and bears the hallmarks of more delay tactics in this bankruptcy case.

P.M. She further testified her September rent was unpaid and she was unsure how she would be able to bring her rent current. *Id*. at 1:37 P.M.

23. Significantly for the purpose of this Motion to Dismiss, Counsel for the Debtor did not dispute that the Debtor has failed to pay his post-petition child support and spousal support. [6] Audio of September 3 Hearing at 2:07 P.M. *See also* Audio of July 23, 2026 Hearing at 11:05 A.M.

24. Pursuant to 11 U.S.C. §1307(c)(1):

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors
>
> …

11 U.S.C. § 1307(c)(1).

25. Pursuant to 11 U.S.C. §1325(a):

> (a)Except as provided in subsection (b), the court shall confirm a plan if—
>
> (6) the debtor will be able to make all payments under the plan and to comply with the plan…
>
> (8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and
>
> …

[6] The Debtor was unable to attend the hearing due to the passing of his father. Counsel for the debtor requested an adjournment on the record but the request was taken under advisement to determine if any testimony by the Debtor would be relevant. Audio of September 3 Hearing 1:14 P.M. Given the admission that post-petition payments have not been made, the Debtor's Schedules showing an inability to pay the required domestic support obligations, and the fact that this case has languished, Debtor's availability was not deemed necessary in order to move the Motion forward and develop the record. *Id*. at 1:28 P.M.

11 U.S.C. §1325(a)(6), (8).

26. The instant bankruptcy case has been pending for over thirty-one (31) months without a confirmed plan. Doc. 1. The current Chapter 13 Plan before the court was filed in March and is now seven (7) months old without having been confirmed. Doc. 205. Debtor now asks this Court to permit his case to remain open for an undetermined amount of additional time pending a decision based upon a Motion to Vacate in the State Court that was filed nine months late. Doc. 252.

27. The Court finds that this case is the definition of "unreasonable delay by the debtor that is prejudicial to creditors" pursuant to 11 U.S.C. §1307(c)(1). During the pendency of this case, Debtor has delayed confirmation based upon the need for the State Court Divorce Judgment in order to file a confirmable plan. *See* Docs. 193, 184, 179. Debtor has failed to pay the required domestic support obligations to the detriment of his ex-wife and minor children. Now that the State Court Order has been entered, Debtor seeks additional time from this Court to continue his efforts at evading his primary creditor, Pearl Goldenberg, by filing a notably delayed Motion to Vacate and then waiting an additional amount of undetermined time for the State Court to adjudicate that Motion.[7]

28. During this nine-month delay, Debtor failed to commence child support and spousal support payments pursuant to either the October 2025 Court Order or the December 2025 Divorce Judgment. Further, Debtor has made no effort to bring current his post-petition child support and spousal support ordered by the State Court.

---

[7] Again, only after a hearing on July 21, 2026 where this Court raised the issue that the Debtor had taken no action regarding the validity of the State Court Divorce Judgment did Debtor challenge that Order. Audio of September 3 Hearing at 1:18 p.m. The Court noted that "[a]nd it seems to be the case throughout this bankruptcy matter, where the debtor has sat and did nothing or did minimum work…the delays in this case are solely attributable to Mr. Goldenberg." *Id*. at 1:19 p.m.

29. Section 1325(a)(8) requires that debtors remain current on all post-petition domestic support obligations in order to confirm their Chapter 13 Plan. 11 U.S.C. §1325(a)(8). Debtor herein has ***admittedly*** not met that requirement and his Chapter 13 Plan cannot be confirmed as filed.

30. Perhaps more importantly, Debtor does not appear to be moving toward paying his domestic support obligations. Debtor, instead, is belatedly seeking to void the Divorce Judgment and presumably restart the process of establishing any post-petition obligations toward his children and former spouse. This action suggests that the instant bankruptcy is no closer to confirmation than it was over two (2) years ago and that creditors will continue to be subject to additional prejudicial delay.

31. The Court finds, clearly and convincingly, that it is in the best interest of creditors of the estate that this case be dismissed for cause pursuant to 11 U.S.C. §1307(c) due to the unreasonable delay by the Debtor that is prejudicial to creditors.

32. As set forth above, the record is clear that Debtor has failed to meet the requirements to propose a confirmable Chapter 13 Plan pursuant to 11 U.S.C. §1325(a)(8). Further, the Chapter 13 Trustee has demonstrated cause pursuant to 11 U.S.C. §1307(c) to dismiss the case on the basis of Debtor's unreasonable delay which is prejudicial to creditors.

**NOW THEREFORE**, it is hereby

**ORDERED** that that Motion is **GRANTED**

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: October 6, 2026